IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD STEWART and ANDREA HURST, )<br>as Guardians of ANGELA STEWART, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROLLING HILLS HOSPITAL, LLC, )<br>ACADIA HEALTHCARE COMPANY, INC., )<br>ACADIA MANAGEMENT COMPANY, LLC, )<br>REBECCA VANZANT, R.N., and SHEILA )<br>LATIMER, R.N., )<br>)<br>Defendants. ) | Case No. 25-CV-51-DES |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs', Ronald Stewart and Andrea Hurst, as Guardians of Angela Stewart, (hereinafter "Plaintiffs") to Motion Remand this action to the District Court of Pontotoc County due to lack of subject matter jurisdiction as the parties are not diverse. (Docket No. 35). For the reasons set forth below, the Plaintiffs' Motion to Remand is DENIED and the Joinder of Defendants Rebecca VanZant, R.N. and Sheila Latimer, R.N. is DENIED.

**I.   Background**

Plaintiffs initiated this action on January 14, 2025, by filing a Petition in the District Court of Pontotoc County, Oklahoma. (Docket No. 2-1). Plaintiffs allege that Defendants, by and through their employees, were negligent in the care and treatment of Angela Stewart while she was under their supervision. *Id*. at 4. On February 24, 2025, Defendants Rolling Hills Hospital, LLC and Acadia Management Company, LLC (collectively, "Defendants") removed the action to this Court based on diversity jurisdiction. (Docket No. 2). Defendants assert that Plaintiffs are residents and

1

citizens of Oklahoma, while Defendants—Delaware limited liability companies with principal places of business in Tennessee—are citizens of Delaware and Tennessee. *Id*. at 2–3. Plaintiffs seek damages in excess of $75,000.00, thus satisfying the amount-in-controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1446(c)(2). *Id*. at 4.

Following removal, Defendants filed a Motion to Dismiss for failure to state a claim. (Docket No. 17). On March 3, 2025, the Court invited Plaintiffs to file an Amended Complaint to provide additional legal or factual allegations that might address the deficiencies raised in Defendants' motion. (Docket No. 19). Plaintiffs filed their First Amended Complaint ("FAC") on March 17, 2025, which included additional facts related to their negligence claims. (Docket No. 23). On March 31, 2025, Defendants filed renewed Motions to Dismiss the FAC. (Docket Nos. 27, 28, 29). Plaintiffs were again granted leave to amend and filed their Second Amended Complaint ("SAC") on April 21, 2025. (Docket No. 34). The SAC added two new defendants—Rebecca VanZant and Sheila Latimer—nurses alleged to have been employed by Defendants and to have provided negligent care to Angela Stewart. *Id*. On the same day, Plaintiffs filed a Motion to Remand, arguing that the addition of Nurses VanZant and Latimer—both alleged to be Oklahoma citizens—defeats diversity jurisdiction. (Docket No. 35). In response, Defendants argue that the nurses were fraudulently joined for the sole purpose of defeating federal jurisdiction and are not indispensable parties to the action. (Docket No. 39). The Motion to Remand is now fully briefed and ripe for decision.

**II. Analysis**

Federal removal statutes are to be strictly construed, and all doubts are resolved against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The party seeking removal bears the burden of establishing that removal is proper. *McPhail v. Deere & Co.*, 529 F.3d

947, 953 (10th Cir. 2008). Diversity jurisdiction exists only where no plaintiff shares citizenship with any defendant. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). However, when a plaintiff amends the complaint post-removal to add a party that would destroy diversity, that amendment is not presumed proper. *Clinco v. Roberts*, 41 F.Supp. 2d 1080, 1088 (C.D. Cal. 1999). In such cases, courts must scrutinize the amendment under 28 U.S.C. § 1447(e). *See Khachunts v. Gen. Ins. Co. of Am.*, 682 F.Supp. 3d 827, 833 (C.D. Cal. 2023); *Nsien v. Country Mut. Ins. Co.*, No. 16-CV-530-JED-TLW, 2017 WL 368504, at *2 (N.D. Okla. Jan. 25, 2017) (noting that district courts must closely examine any amendment that adds a non-diverse defendant).

Under § 1447(e), Plaintiffs have no absolute right to join parties whose inclusion would defeat diversity. *McPhail*, 529 F.3d at 951. Where, as here, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joiner and remand the action to the State court." 28 U.S.C. § 1447(e) In *McPhail,* the Court outlined a two-step analysis for making this determination: (a) the Court must first look to Fed. R. Civ. P. 19 to determine whether the additional party is indispensable to the disposition of the case, and (b) if the court finds the party is not indispensable to the case, the court should look to Fed. R. Civ. P. 20's discretionary factors to determine whether joinder should be permitted. *Id.* at 951-52. Thus, if Nurses VanZant and Latimer are indispensable parties, the Court must join them and remand the case; if they are not indispensable, the Court may permit joinder under Fed. R. Civ. P. 20(a)(2). *Id.* at 952.

A. Are Nurse VanZant and Nurse Latimer Required Parties?

"Whether a party is indispensable is determined by considering the factors set forth in Fed. R. Civ. P. 19." *Salt Lake Trib. Publ'g Co., LLC v. AT&T Corp.,* 320 F.3d 1081, 1096 (10th Cir.

2003). The Court must first determine whether a party is a required party under Fed. R. Civ. P. 19(a). If the party is "required," the Court will assess whether the party is indispensable under Fed. R. Civ. P. 19(b).

A party is a required party in an action if: (1) "in that person's absence, the court cannot accord complete relief among existing parties" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). An absent party satisfying either element is considered a required party and must be joined, if feasible. If a party is not required under Fed. R. Civ. P. 19(a), "it cannot be . . . indispensable . . . and [the court] therefore need not consider Rule 19(b)." *Salt Lake Trib. Publ'g Co.,* 320 F.3d at 1098.

Here, Plaintiffs allege that Nurses VanZant and Latimer were assigned to the care of Angela Stewart on December 24 and December 25, 2023. (Docket No. 34 at 11). Plaintiffs contend that, in the course of their duties, the nurses owed Angela Stewart a duty of care and breached that duty causing her injuries. *Id.* Plaintiffs further allege that "Rolling Hills and its alter ego Defendants are vicariously liable for the damage caused to Angela Stewart due to the negligent and/or intentional conduct of Rolling Hills employees." *Id.* at 12. These employees, which include but are not limited to Nurse VanZant and Nurse Latimer, were acting within the course and scope of their employment, owed a duty of care to Ms. Stewart, breached that duty, and caused injuries to Ms. Stewart. *Id.*

4

1. Incomplete Relief

The first consideration under Fed. R. Civ. P 19(a) is whether, in the absence of Nurses VanZant and Latimer, complete relief could be accorded among the persons already parties to the action. A court can grant complete relief without the joinder of an absent party if the party's absence does not prevent the plaintiffs from receiving the relief they seek. *Sac and Fox Nation of Mo. v. Norton,* 240 F.3d 1250, 1258 (10th Cir. 2001). "[T]his provision 'requires joinder when nonjoinder precludes the court from effecting relief not in some overall sense, but between *extant parties*.'" *Begay v. Pub. Serv. Co. of N.M.,* 710 F. Supp. 2d 1161, 1182-83 (D.N.M. 2010) (quoting 4 J. Moore & R. Freer, *Moore's Federal Practice* § 19.03[2][b], at 19-39 (3d ed. 2009)). Here, complete relief can be afforded among the existing parties. Plaintiffs seek to hold Defendants liable under a theory of vicarious liability for the alleged negligence of their employees—including Nurses VanZant and Latimer. The SAC does not assert that these nurses acted outside the scope of their employment, nor does it allege separate or independent acts of liability. Oklahoma law permits an employer to be held liable for the torts of its employees committed within the course and scope of employment. *Baker v. Saint Francis Hosp.*, 126 P.3d 602, 605 (Okla. 2005) as corrected (June 1, 2005) ("To hold an employer responsible for the tort of an employee, the tortious act must be committed in the course of the employment and within the scope of the employee's authority.").

Plaintiffs argue that because Defendants have not admitted vicarious liability, the Court should require joinder of the individual nurses. (Docket No. 42 at 6). However, such an admission is not a prerequisite to pursuing a vicarious liability theory, nor is it necessary to decide whether joinder is required. Under Oklahoma law, "it is the servant's negligence or wrongful act which establishes the master's liability, not the servant's own civil liability." *Hooper ex rel. Hooper v.*

5

*Clements Food Co.*, 694 P.2d 943, 945 (Okla. 1985). Therefore, if Plaintiffs prevail on their negligence claims, Defendants may be held liable for the actions of VanZant and Latimer without being named as individual defendants. Accordingly, under Rule 19(a)(1)(A), complete relief can be afforded absent the joinder of Nurses VanZant and Latimer.

### 2. Impairment of Interest

The second consideration under Rule 19(a) is whether Nurses VanZant and Latimer claim an interest related to the subject matter of this action, and if so, whether proceeding without them may, as a practical matter, impair or impede their ability to protect their interest in the litigation. The relevant concern under this provision is whether the absent party's legal interests would be harmed if the action proceeds without them. *Salt Lake Trib. Publ'g Co.,* 320 F.3d at 1097. Notably, Rule 19 does not require the absent party to possess an actual interest—only that they *claim* an interest that is not frivolous. *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 998 (10th Cir. 2001). Here, there is no indication that Nurses VanZant or Latimer claim any interest in this litigation. Plaintiffs also do not argue, let alone demonstrate, that the nurses are asserting such an interest, or that their ability to protect their rights would be compromised by proceeding in their absence. Accordingly, there is no basis under Rule 19(a)(1)(B)(i) to conclude that the interests of Nurses VanZant or Latimer would be impaired by their exclusion from this case.

### B. Are Nurse VanZant and Nurse Latimer indispensable under Fed. R. Civ. P. 19(b)?

Even assuming, *arguendo,* that Nurses VanZant and Latimer are required parties under Rule 19(a), the Court is not persuaded that they are indispensable parties under Rule 19(b). A required party is considered an indispensable party only if, "in equity and good conscience," a court should not allow the action to proceed in the party's absence. Fed. R. Civ. P. 19(b). The Tenth Circuit has explained that a party who is not indispensable under Rule 19(b) may be

dismissed to preserve diversity jurisdiction. *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1225 (10th Cir. 2011). Rule 19(b) provides four factors for evaluating whether a party is indispensable:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A)    protective provisions in the judgment
>     (B)    shaping the relief; or other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Here, none of these factors support a finding that Nurses VanZant and Latimer are indispensable. In looking at factors one, two and three, as previously discussed, the claims against the nurses are duplicative of the vicarious liability claims already asserted against Defendants. If Plaintiffs succeed in proving that the nurses were negligent while acting within the scope of their employment, Defendants would be held liable. There is no risk of inconsistent obligations or prejudice to either party, as Defendants stands in the place of the nurses under *respondeat superior*. Thus, any judgment rendered in their absence would be both complete and adequate.

As for factor four, the Tenth Circuit has described this as "perhaps the most important" factor. *Sac & Fox*, 240 F.3d at 1260. Plaintiffs have an adequate remedy: they may pursue their claims against Defendants and, if successful, recover fully for the alleged injuries. There is no indication that excluding the nurses from the lawsuit would prevent Plaintiffs from receiving complete relief. Accordingly, Nurses VanZant and Latimer are not indispensable parties under Rule 19(b), and their joinder is not required.

C.  Should Nurses VanZant and Latimer be Permissibly Joined?

Even if a party is not required or indispensable under Rule 19, they may still be joined under Rule 20(a)(2), which governs permissive joinder. Under Rule 20(a)(2), permissive joinder of defendants is proper where: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction or occurrence; and (B) any question of law or fact common to all defendants will arise in the action. Additionally, "' when faced with an amended pleading naming a new nondiverse defendant in a removed case,' the court 'should scrutinize that amendment more closely than an ordinary amendment.'" *Langley v. Bank of America, N.A.,* No. Civ-19-253-CBG, 2019 WL 819473, at *2 (E.D. Okla. Oct. 4, 2019) (quoting *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987). Plaintiffs argue that Nurses VanZant and Latimer may be permissibly joined under Rule 20 because they seek to hold the nurses independently liable for failing to provide adequate medical care and for ignoring Ms. Stewart's worsening condition. (Docket No. 42 at 8). As the Tenth Circuit has recognized, where a party is not indispensable, Rule 20(a)(2) permits joinder at the district court's discretion. *McPhail,* 529 F.3d at 951–52. In exercising that discretion, courts consider factors including undue prejudice, delay, and good faith. *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

Plaintiffs argue that they will be prejudiced if the nurses are not joined. (Docket No. 42 at 8). However, as discussed above, Plaintiffs may obtain full relief from Defendants for the actions of the nurses under a vicarious liability theory. If they succeed in proving that Nurses VanZant and Latimer were negligent in the course and scope of their employment, Defendants will be held directly liable for their conduct. A separate lawsuit against the nurses would be unnecessary and duplicative. Thus, there is no meaningful prejudice to Plaintiffs if joinder is denied.

Moreover, the circumstances surrounding the timing and content of the SAC raise concerns as to the Plaintiffs' motive in seeking joinder. The only substantive changes in the SAC consist of the addition of the nurses' names and citizenship, and those names were added to a claim already pled against Defendants in earlier versions of the complaint. There are no new factual allegations establishing that either nurse acted outside the scope of employment or engaged in conduct separate from that attributed to the employer. The nurses' inclusion in Count II of the SAC appears duplicative of the allegations already directed at the Defendants through vicarious liability.

Plaintiffs contend that they were unaware of the identities of these nurses due to the Defendants' delay in producing Ms. Stewart's medical records. (Docket Nos. 35 at 3 and 42 at 4). However, Plaintiffs did not name John or Jane Doe defendants in either the original Petition or FAC, despite repeatedly asserting that they lacked sufficient information to identify all potentially liable parties. (Docket No. 35 at 3). All of this combines to suggest that the inclusion of Nurses VanZant and Latimer as Defendants[1] was for the purpose of destroying diversity. *See Isaly v. Boston Globe Media Partners, LLC*, 650 F. Supp. 3d 106, 115 (S.D.N.Y. 2023), aff'd, No. 23-67-CV, 2023 WL 6439901 (2d Cir. Oct. 3, 2023) ("[A] plaintiff's motive for joining a defendant is the most significant consideration in the fairness analysis under § 1447(e).").

Accordingly, the Court finds that permissive joinder of Nurses VanZant and Latimer under Rule 20(a)(2) is not warranted. Since their addition would destroy complete diversity and defeat federal jurisdiction and because joinder is not required under Rule 19, the Court declines to allow their continued participation in this action.

---

[1] The Court takes no issue with Plaintiffs' specifically naming the nurses in their SAC. The inclusion of the additional facts is specifically what the Court sought by allowing Plaintiffs to amend their FAC following the Defendants' Motions to Dismiss alleging Failure to State a Claim.

### III. Conclusion

Complete relief can be afforded among the existing parties without the joinder of Nurses VanZant and Latimer, and Plaintiffs have not demonstrated that these individuals claim an interest in the action that would be impaired by their absence. Plaintiffs' claims against Nurses VanZant and Latimer are based on the same alleged conduct as that of Rolling Hills' employees generally, for which Rolling Hills may be held vicariously liable. There are no allegations in the SAC indicating that Nurse VanZant or Latimer acted outside the scope of their employment, nor do Plaintiffs argue that relief against Rolling Hills would be inadequate.

The Court further finds that the proposed joinder of Nurses VanZant and Latimer is not required under Rule 19 as they are not required or indispensable parties, and joinder is not warranted under the permissive joinder standard of Rule 20. Plaintiffs' amendment appears to serve the sole purpose of destroying diversity jurisdiction. The timing of the amendment, the limited substantive changes to the complaint, and Plaintiffs' failure to include Doe defendants despite alleging incomplete knowledge all weigh against allowing joinder.

Accordingly, discretionary joinder under Rule 20(a)(2) is unwarranted, and remand under § 1447(e) is not appropriate. Plaintiffs' Motion to Remand is DENIED and the joinder of Nurses VanZant and Latimer is STRICKEN.

DATED this 10th day of September, 2025.

_____
D. Edward Snow
United States Magistrate Judge